322 So.2d 313 (1975)
Charles Horace PARR et ux., Plaintiffs-Appellants,
v.
Michael ASAFF, Defendant-Appellee.
No. 12716.
Court of Appeal of Louisiana, Second Circuit.
November 6, 1975.
James E. Franklin, Jr., Shreveport, for plaintiffs-appellants.
Maynard E. Cush, Shreveport, for defendant-appellee.
Before PRICE, DENNIS and MARVIN, JJ.
PRICE, Judge.
The plaintiffs, Charles Horace Parr and Barbara Luanne Vest Parr, have appealed from the judgment of the trial court sustaining an exception of no cause or right of action, and dismissing their action against defendant, Michael Asaff. Plaintiffs in their petition initiating this suit alleged Mrs. Parr worked for the defendant in his construction business and was to receive an incentive payment or commission for any customers she obtained that resulted in sales. It is further alleged that Mrs. Parr obtained a purchaser for whom a house was ultimately constructed and sold for the sum of $33,000. Plaintiffs contend that pursuant to the agreement with defendant Mrs. Parr is entitled to receive 3% of the sales price, or $990.00 on this sale.
The defendant filed a peremptory exception of no cause and no right of action, stating that the incentive payment being claimed by Mrs. Parr was in effect a real estate commission and as neither plaintiff was a licensed real estate agent, they were prohibited recovery of any fee under LSA-R.S. 37:1450.
By supplemental and amended petition plaintiffs deleted from their original pleading the word "commission" and substituted the term "bonus" or "incentive payment" as the description of the arrangement with defendant under which recovery is sought.
On trial of the exception it was stipulated that plaintiffs were not licensed in accord with the statute relied on by defendant in his exception.
On the basis of the stipulation and the pleadings the trial judge sustained the exception of no right or cause of action.
*314 On this appeal the thrust of plaintiff's argument is that the allegations of their supplemental petition that the remuneration due results from "an incentive or bonus plan" rather than a "commission for sale of real estate" require a trial on the merits to determine whether the provisions of R. S. 37:1450 preclude recovery by plaintiffs from defendant.
We find no merit in this position and affirm the judgment appealed.
LSA-R.S. 37:1450 provides as follows:
"No person, not licensed in accordance with the provisions of this Chapter shall recover any fee, claim or charge for brokerage in the courts of this state."
LSA-R.S. 37:1431 (3) defines "real estate broker" as follows:
"(3) `Real estate broker' means any person who, for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate, or who leases or offers to lease, or rents or offers for rent, any real estate or the improvements thereon for others as a vocation."
LSA-R.S. 37:1437 provides:
"No person shall engage in the business or capacity, either directly or indirectly, of a real estate broker, a real estate salesman or a business chance broker unless he has a license under the provisions of this Chapter."
LSA-R.S. 37:1450 is penal in nature and precludes access to the courts of this state for recovery of a commission by an unlicensed person who has engaged in the sale of real estate as a vocation. This court in Maniscalco v. Glass, 163 So.2d 438 (La.App. 2nd Cir. 1964) defined the term "vocation" as used in the statute to include part-time or occasional sales if the participation in such activity is one of the sources of a person's income.
As we construe the allegations of plaintiff's supplemental petition the remuneration claimed is a fee for the procurement of a contractual sale of real estate, and although it is called a "bonus" or "incentive pay", it is nevertheless within the positive prohibition of the subject statute and the trial judge was correct in sustaining the exception of no right or cause of action.
The judgment appealed from is affirmed and all costs of this appeal are assessed to appellant.